LANDRY<br>*v.*<br>McCALL.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## DRIGGS *v.* BALLARD.

Where a suspensive appeal is allowed to a party, on his giving bond, with surety, in a certain amount, and the surety does not sign the bond, but writes on the back of it: "I am surety for the appellant for costs only on the within appeal bond, but not for the principal," the appeal must be dismissed for want of a sufficient bond.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *Ratliff* and *Cowgill*, for the appellant. *Cooley*, for the defendant, moved to dismiss the appeal, citing Code of Pract. art. 574. 9 Rob. 39. The judgment of the court was pronounced by

SLIDELL, J, The defendant obtained an order of appeal, and signed an appeal bond for $175, the amount mentioned in the order of court, in which bond *Fisher* is named as surety. *Fisher* did not not sign the bond ; but on the back of the bond his signature appears to a memorandum in these words: "I am security for *W. B. Driggs* for costs only on the within appeal bond, but not for the principal."[*] This obligation is too vague and informal to satisfy the requisitions of the Code; and the motion to dismiss must prevail.[†]

<div style="text-align:right">*Appeal dismissed.*</div>

---

[*] The judgment was in favor of the defendant for $74, with interest at five per cent a year, for less than five months. A suspensive appeal was allowed to the plaintiff on his giving bond, with surety, for $175, with the conditions required by law.

[†] A decision was rendered at the same time, dismissing, for the same reason, an appeal by the defendant in the case of *Van Rennselaer* v. *Driggs*.